UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODERICK NIXON, p/k/a Nitro, an individual,<br><br>Plaintiff,<br><br>*v.*<br><br>NORTHSTAR SOURCE GROUP, LLC, a Delaware Limited Liability company; SOURCE DIGITAL, INC., a New York Corporation, individually and doing business as "The Source"; and DOES 1-10<br><br>Defendants. | Civil Action No.: 1:23-cv-5218(JPC) |

**MOTION TO SEAL EXHIBITS 10-12 and 14-22 IN CONNECTION WITH PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

**[PROPOSED] ORDER AND DECLARATION OF MACKENZIE PALADINO FILED CONCURRENTLY HEREWITH**

TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, Roderick Nixon ("Nixon") respectfully requests that the Court grant this application to file under seal the following documents in connection with his Motion for Summary Adjudication. The documents are designated as confidential pursuant to the Court's Protective Order and have been marked "CONFIDENTIAL" by either the Plaintiff or Defendant. Declaration of Mackenzie Paladino ("Paladino Decl."), ¶ 3. Plaintiff seeks to eleven (11) documents, in whole or in part, in connection with its Motion, identified as:

1. **Exhibit 10** attached to the Declaration of Mackenzie Paladino, which reflects data analytics of the post at issue in this matter and was marked as "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules

of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 10 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial data concerning the amount of engagement with the Instagram posts, as measured by various metrics, and which is only accessible to the holder of the account.

2. **Exhibit 11** attached to the Declaration of Mackenzie Paladino, which is a document titled "Source Digital Inc. – Copyright Guidelines for Posting Online" that Defendant has designated "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 11 pursuant to the Stipulated Protective Order because it reflects sensitive non-public internal documents concerning the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

3. **Exhibit 12** attached to the Declaration of Mackenzie Paladino, which is an email correspondence between Defendants employees and independent contractors discussing internal policies that Defendant has designated the documents submitted as Exhibit 12 as "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 10 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning (i) the contents and implementation of Defendant's internal intellectual property use policies, and (ii) Defendant's licensing practices, which comprise information and plans for the operation of Defendant's business.

4. **Exhibit 14** attached to the declaration of Mackenzie Paladino, which is Defendant's response to Plaintiff's Request for Admission Nos. 5 and 6 pursuant to paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the

producing Party deems in good faith to constitute proprietary or sensitive … commercial or other business information or data … that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; *see also* Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 14 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely Defendant's internal staffing practices.

4. **Exhibit 15** attached to the Declaration of Mackenzie Paladino, which is an email correspondence between two employees re Source Digital: Contributing Writers Agreement & Posting Images Guidelines and designated as "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 23) entered in this case, as "information that the producing Party deems in good faith to constitute proprietary or sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G) (permitting the court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Defendant has a good faith basis to request the sealing of Exhibit 15 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public internal correspondence and documents concerning (i) Defendant's contractual relationships with its independent contractors, and (ii) the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

5. **Exhibit 16** attached to the declaration of Mackenzie Paladino, which is a deposition transcript taken by Plaintiff's counsel during an unrelated matter, *Shihab v. Source, et. al.,* 23-cv-7266. Defendant has designated as "Confidential" the deposition transcript excerpts identified below, submitted as Exhibit 16 to the Paladino Decl., pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute proprietary or sensitive . . . commercial or other business information or data . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure;" *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting the court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified

way"). The following pages were marked "confidential" by Defendant and are requested to be filed under seal for the following reasons:

a. Pages 17-19: Defendant has a good faith basis to request the sealing deposition pages 17-19 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning (i) Defendant's contractual relationships; and (ii) the operation of Defendant's business, namely how Defendant generates revenues.

b. Pages 20-21: Defendant has a good faith basis to request the sealing of deposition pages 20-21 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning (i) Defendant's contractual relationships; and (ii) the operation of Defendant's business, namely Defendant's internal staffing practices.

c. Pages 22-24: Defendant has a good faith basis to request the sealing deposition pages 22-24 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely Defendant's internal staffing practices, and how Defendant generates revenues.

d. Pages 25-26: Defendant has a good faith basis to request the sealing of deposition pages 25-26 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely Defendant's internal staffing practices.

e. Pages 28-31: Defendant has a good faith basis to request the sealing of deposition pages 28-31 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely (i) Defendant's internal staffing practices; (ii) Defendant's internal policies and how it enforces those policies; and (iii) Defendant's disciplinary actions regarding its independent contractors.

f. Pages 33-34: Defendant has a good faith basis to request the sealing of deposition pages 33-34 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of

    Defendant's business, namely (i) how Defendant generates revenues, and (ii) Defendant's licensing practices.

  g. Pages 50-51: Defendant has a good faith basis to request the sealing of deposition pages 50-51 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely Defendant's internal policies and how it enforces those policies.

  h. Pages 61-65: Defendant has a good faith basis to request the sealing of deposition pages 61-65 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely (i) Defendant's internal staffing practices, and (ii) Defendant's licensing practices.

  i. Pages 77-82: Defendant has a good faith basis to request the sealing of deposition pages 77-82 of Exhibit 16 pursuant to the Stipulated Protective Order because it reflects sensitive, non-public commercial information concerning the operation of Defendant's business, namely the level of engagement with posts on Defendant's Instagram account, which information is only accessible to the holder of the account.

6. **Exhibit 17** attached to the Declaration of Mackenzie Paladino is an email correspondence between Defendants employees and independent contractors discussing the internal copyright policy that Defendant has designated the document as "confidential" pursuant to paragraphs 2(c) and 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "previously non-disclosed business plans" and "information that the producing Party deems in good faith to constitute sensitive … commercial or other business information … that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 17 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

7. **Exhibit 18** attached to the Declaration of Mackenzie Paladino is an email correspondence between Defendants employees and independent contractors discussing the internal copyright policy that Defendant has designated the document as "confidential" pursuant to paragraphs 2(c) and 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "previously non-disclosed business plans" and "information that the producing Party deems in good faith to constitute sensitive … commercial or other business information … that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 18 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

8. **Exhibit 19** attached to the Declaration of Mackenzie Paladino is an email correspondence between Defendants employees and independent contractors discussing the internal copyright policy that Defendant has designated the document as "confidential" pursuant to paragraphs 2(c) and 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "previously non-disclosed business plans" and "information that the producing Party deems in good faith to constitute sensitive … commercial or other business information … that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 19 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

9. **Exhibit 20** attached to the Declaration of Mackenzie Paladino is a document designated as "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 20 pursuant to the Stipulated Protective Order because it reflects sensitive non-public contracts,

materials and correspondence concerning Defendant's contracts with third parties, and Defendant's licensing practices, which comprise information and plans for the operation of Defendant's business.

10. **Exhibit 21** attached to the Declaration of Mackenzie Paladino is an email correspondence between employees that Defendant has designated the document as "confidential" pursuant to paragraphs 2(c) and 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "previously non-disclosed business plans" and "information that the producing Party deems in good faith to constitute sensitive … commercial or other business information … that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 21 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning content and implementation of Defendants internal intellectual property use policies, which comprise information and plans for the operations of Defendant's business.

11. **Exhibit 22** attached to the Declaration of Mackenzie Paladino is an email correspondence between employees that Defendant has designated "Confidential" pursuant to Paragraph 2(e) of the Stipulated Protective Order (D.E. 34) entered in this case, as "information that the producing Party deems in good faith to constitute sensitive . . . commercial or other business information . . . that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure"; see also Fed. R. Civ. P. 26(c)(1)(G). Defendant has a good faith basis to request the sealing of Exhibit 22 pursuant to the Stipulated Protective Order because it reflects sensitive internal correspondence concerning the contents and implementation of Defendant's internal intellectual property use policies, which comprise information and plans for the operation of Defendant's business.

Counsel for Defendant are not expected to object to this request given that it is comprised mostly of Defendant's records marked by Defendant as CONFIDENTIAL. *Id*. Plaintiff respectfully requests that this application to seal be granted.

Respectfully submitted,

Dated: July 1, 2024   By:   */s/ Mackenzie Paladino*
Mackenzie Paladino, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
Telephone: (310) 590-1820
mpaladino@donigerlawfirm.com
scott@donigerlawfirm.com
Counsels for Plaintiff

The instant request to file documents under seal is denied without prejudice because the request fails to specifically address how each sealing or redaction request satisfies the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) as required under Individual Civil Rule 4(B)(ii).  The Court further notes that the parties' decision to designate a document as confidential does not, by itself, establish that sealing is appropriate.  Plaintiff may refile the request on or before February 7, 2025.  Failure to renew the request by that date may result in the relevant documents being unsealed.  The Clerk of Court is respectfully directed to close Docket Number 43.

SO ORDERED.
Date: January 7, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

8