UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
RODERICK NIXON,                                                        :
                                                                       :
                           Plaintiff,                                  :
                                                                       :
            -v-                                                        :   23 Civ. 5218 (JPC)
                                                                       :
SOURCE DIGITAL, INC., a New York corporation,                          :   OPINION AND ORDER
individually and doing business as "The Source"; and                   :
DOES 1-10,                                                             :
                                                                       :
                           Defendants.                                 :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff has filed a motion *in limine* "to preclude Defendant Source Digital, Inc. ('SDI') from introducing evidence or argument at trial to indicate to the jury that SDI is not culpable for the conduct of its 'contributors' or otherwise cannot be found willful or reckless based on the intent or conduct of those contributors." Dkt. 76 at 1. Defendant, for its part, opposes the motion, arguing that "willfulness is not imputed to SDI and Plaintiff must show that SDI itself acted willfully in order to recover enhanced statutory damages." Dkt. 79 at 1. For the below reasons, the Court grants the motion.

I. Background

This Court previously held at summary judgment that "SDI, through its contributors," posted without permission Plaintiff's photographs "to its public Instagram account" and "in doing so violated at least [Plaintiff's] exclusive rights to reproduce, publicly display, and create derivatives of those works." *Nixon v. Source Digit.*, No. 23 Civ. 5218 (JPC), 2024 WL 5202514, at *4 (S.D.N.Y. Dec. 23, 2024). There was thus "no genuine dispute of material fact" as to "SDI's encroachment on his exclusive rights in" the photographs. *Id.* And because the Court agreed with

Case 1:23-cv-05218-JPC    Document 80    Filed 09/09/25    Page 2 of 4

Plaintiff that Defendant's fair-use defense failed as "as a matter of law," Plaintiff was "entitled to summary judgment on his copyright infringement claim against SDI." *Id.* at *5. Summary judgment, however, was inappropriate on the question of "whether SDI acted willfully in infringing [Plaintiff's] rights," as there remained "factual issue[s] not amenable to resolution through summary judgment." *Id.* at *10; *see also* 17 U.S.C. § 504(c)(2).

Trial as to damages and Defendant's willfulness is scheduled to begin on September 15, 2025. *See* Dkt. 73. On August 28, the Court held a final pretrial conference, at which it ordered Defendant to "turn over to Plaintiff the identity—including the name and, if known, the address and telephone number—of its contributors who made any postings on Defendant's social media accounts at the time of the infringing posts." Minute Entry, Aug. 28, 2025. (Defendant had not previously disclosed this information during discovery. *But see* Fed. R. Civ. P. 26(a)(1)(A)(i).) The Court further ordered the parties "to meet and confer as to their dispute regarding imputing willfulness to those contributors" and, "to the extent that there remains a dispute," set a briefing schedule on any motion to preclude. Plaintiff's motion and Defendant's response followed. *See* Dkts. 76, 79.

## II. Discussion

Plaintiff argues that "the Court should preclude any evidence, testimony, or argument that SDI is not responsible and liable for the willfulness or recklessness of its contributor team," as under Federal Rule of Evidence 401, "such evidence is irrelevant and has no probative value." Dkt. 76 at 2. And even were any such evidence to have probative value, Plaintiff claims, it would be "substantially outweighed by a danger of 'confusing the issues, misleading the jury,' and 'wasting time.'" *Id.* (quoting Fed. R. Evid. 403).

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

2

consequence in determining the action."  While the relevance standard is "not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985) (citation omitted), the Court may nevertheless "exclude relevant evidence if its probative value is substantially outweighed by a danger of" things like "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time," Fed. R. Evid. 403.

The parties' positions seemingly boil down to a dispute about whether Defendant may present evidence "indicat[ing] that it cannot be found willful by the acts or intent of its contributors."  *Compare* Dkt. 76 at 1-2, *with* Dkt. 79 at 2 ("Plaintiff is not entitled to a ruling that willfulness is imputed to SDI by its contributors as [a] matter of law.").  Of course, SDI—as both the defendant and the party found to have infringed Plaintiff's copyrights, *see Nixon*, 2024 WL 5202514, at *4-5, *10-11—must be shown at trial to have committed those infringements "willfully" to face exposure to higher statutory damages.  17 U.S.C. § 504(c)(2) (referring to "the infringer").  Yet it is equally obvious that the willfulness of SDI, as an entity, can be proven by the acts or intent of its contributors, just as its infringement could be so proven.  *See, e.g.*, 6 Patry on Copyright § 21:41 (2025) ("[W]ith direct infringement, the defendant either directly or through an agent must actually commit the infringement and therefore obviously have knowledge of it."); *id.* § 21:40 ("Direct infringement is infringement which stems, generally, from the 'hands-on' conduct of an individual or juridical entity."); *RCA/Ariola Intern., Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779-81 (8th Cir. 1988) (explaining "the most obvious basis for holding the retailers liable" was the action taken by "the retailers' employees").

While Defendant correctly argues that "[w]illfulness is not an element of copyright infringement," Dkt. 79 at 1-2, it fails to cite any persuasive reason why its contributors' actions would establish its infringement but not its willfulness.  Indeed, Defendant failed to make such an argument at the summary-judgment stage, when it was undisputed that "SDI, through its

3

contributors" committed copyright infringement. *Nixon*, 2024 WL 5202514, at *4. Nor does Defendant suggest how Plaintiff can prove "that SDI itself acted willfully" without relying, at least in part, on the contributors' actions. Dkt. 79 at 1-2. And in any event, the Second Circuit has already indicated that a corporate copyright defendant's state of mind may be proven through the actions of its employees. *See, e.g.*, *Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 97 (2d Cir. 2016).[1]

At bottom, any evidence suggesting that Defendant's willfulness is unrelated to the actions of its contributors would be of no "consequence" at trial, Fed. R. Evid. 401, and would "confus[e] the issues [and] mislead[] the jury," Fed. R. Evid. 403. It is thus properly excluded.

### III. Conclusion

For the above reasons, Plaintiff's motion to preclude is granted. The Clerk of Court is respectfully directed to close the motion at Docket Number 76.

SO ORDERED.

Dated: September 9, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Defendant's cited cases regarding joint-and-several liability are thus inapposite; they involved situations where one defendant could "escape the full measure of joint and several liability with a more culpable defendant" by "successfully oppos[ing] the plaintiff's contention that it willfully infringed plaintiff's copyright," rather than suggesting that an entity's willfulness could not be established through the acts of its employees, agents, or contractors. *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986); *accord U.S. Media Corp. v. Edde Ent. Corp.*, No. 94 Civ. 4849 (MBM) (MHD), 1998 WL 401532, at *9, *20-22 (S.D.N.Y. July 19, 1998); *New Form, Inc. v. Cozumel Films*, CV 05-0067 (SVW), 2007 WL 9702765, at *3 (C.D. Cal. July 12, 2007). Such a rule is especially inappropriate here, where Defendant did not even disclose the contributors' identities until after the close of discovery, thus preventing Plaintiff from naming any of them as parties to be held jointly and severally liable.